IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>MANUEL RIOS-RAMIREZ,<br><br>                Defendant. | 4:15CR3104<br><br>**FINDINGS, RECOMMENDATION,<br>AND ORDER** |

The defendant has moved to suppress any and all evidence seized during the execution of a warrant conducted on September 10, 2015. ([Filing No. 23](#)). The defendant argues the warrant application provided insufficient information to allow the officers to enter without first knocking or announcing their presence, and the evidence obtained during the search must therefore be suppressed.[1] For the reasons discussed below, the motion to suppress should be denied.

BACKGROUND

The relevant facts, from the hearing testimony, warrant application, and warrant, are as follows:

On September 10, 2015, Investigator Joshua Berlie of the Grand Island Police Department applied for a warrant to search Rios' residence. The information contained in the affidavit was based upon information provided from a reliable confidential

---

[1] Defendant's motion also sought to exclude statements made by Rios during the search that were an alleged violation of his Miranda rights. Before the hearing on December 9, 2015, the government clarified there were no statements that would be introduced at trial regarding the search on September 10, 2015. Therefore, any claim for suppression of statements was resolved prior to the hearing and is not considered within these findings and recommendation.

informant and the proffer interview of a source who was cooperating with the United States Attorney's Office. The affidavit stated that Rios was a suspected head of a local drug distribution group in the Grand Island area. Rios was to receive a 10 pound shipment of Methamphetamine at his residence sometime from September 7 to September 10, 2015. The affidavit indicated Rios was known to have firearms in his possession and had been seen with a handgun at his residence. Additionally, in the past two months, the source had observed three quarter-pound bags of Methamphetamine hanging from the bathroom shower rod in Rios' residence. Berlie requested a no-knock warrant.

Investigator Berlie presented the affidavit and warrant application to Judge Martin of the County Court of Hall County, Nebraska on September 10, 2015. When presented to the judge for his signature, the formatted application blanks were already filled in, including an 'X' indicating the warrant was "Under No-Knock." Berlie was present as Judge Martin appeared to read the documents for "a period of time." (Filing No. 34 at CM/ECF p. 50). Berlie watched as the judge physically handled each page of the warrant application, turning through the pages one-by-one, and eventually signing the documents. (Id. at p. 33). Judge Martin did not ask any questions and Investigator Berlie did not provide any additional information regarding the investigation and warrant. (Id. at p. 31).

Later on September 10, 2015, law enforcement officers entered Rios' residence without first knocking or announcing their presence. As a result of the search, officers found contraband as well as other items of evidentiary value, including three wrapped packages of methamphetamine found hanging from the shower rod in the bathroom, a Taurus handgun with magazine, and eight large bundles of methamphetamine by the garage.

ANALYSIS

It is undisputed that there was probable cause to issue the warrant to search Rios' residence. Rios argues the information within the warrant was insufficient to support the no-knock provision of the warrant. As such, he asserts the no-knock entry, search, and seizure of evidence were conducted in violation of the requirements of the Fourth Amendment to the United States Constitution and Nebraska Statute § 29-411.

The Fourth Amendment incorporates the requirement that officers entering a dwelling must "knock on the door and announce their identity and purpose before attempting forcible entry." Richards v. Wisconsin, 520 U.S. 385, 387 (1997). There are no "blanket exceptions" allowing no-knock warrants for specific types of cases or facts. Id. To justify a no-knock entry there must be "a reasonable suspicion that knocking and announcing their presence, under the circumstances, would be dangerous, or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." Id. at 394.

The state of Nebraska authorizes no-knock warrants by statute:

> In executing . . . a search warrant, . . . the officer may break open any outer or inner door or window of a dwelling house or other building . . . without giving notice of his authority and purpose, if the judge or magistrate issuing a search warrant has inserted a direction therein that the officer executing it shall not be required to give such notice . . . . The judge or magistrate may so direct only upon proof under oath, to his satisfaction that the property sought may be easily or quickly destroyed or disposed of, or that danger to the life or limb of the officer or another may result, if such notice be given[.]

Neb. Rev. Stat. § 29-411. To justify a no-knock warrant, the issuing court must be provided with sufficient information to support the need for an entry without announcement. State v. Pierson, 238 Neb. 872 (1991). Circumstances which may

excuse officers from the usual notice requirements include when "1) reasonably acting to prevent destruction or disposal of evidence; [and] 2) when notice would increase the peril of the officers or others[.]" Id.

Investigator Berlie testified that on September 10, 2015, he believed, under the circumstances, a no-knock search was necessary because Rios was known to have firearms at the residence, thus raising a concern for the officers' safety. (See Filing No. 34 at CM/ECF pp. 52, 54). Additionally, the affidavit stated Rios stored bags of methamphetamine in the bathroom. It is not uncommon for evidence of drug trafficking to be destroyed by flushing the drugs down a drain or toilet. See United States v. Moore, 956 F.2d 843 (8th Cir. 1992) (taking judicial notice that drugs are easily destroyed by flushing in a case involving both Fourth Amendment and Nebraska law analysis). The circumstances presented in the affidavit were sufficient under both Nebraska and federal law to raise a reasonable suspicion that knocking would be dangerous to the officers involved and would inhibit the effective investigation of a crime through the destruction of the evidence in the bathroom.

Even assuming the no-knock provision was unjustified, under the good-faith exception evidence seized pursuant to a search warrant will not be suppressed if the executing officers' reliance upon the warrant was objectively reasonable. United States v. Leon 468 U.S. 897, 916 (1984). The good-faith exception does not apply when 1) the judge issuing the warrant was misled by statements made by the affiant that were false; 2) the issuing judge wholly abandoned his judicial role; 3) the affidavit is so lacking in indicia of probable cause that official belief in its existence is entirely unreasonable; or 4) the warrant is so facially deficient that the officers cannot reasonably presume it to be valid. Leon, 468 U.S. at 923.

Rios claims the Leon good-faith exception should not apply. He argues Judge Martin wholly abandoned his judicial role when issuing the warrant. Specifically, Rios

suggests the warrant was pre-designated as "no-knock," and the judge merely signed it without considering whether the facts actually supported a no-knock entry. He suggests if the judge did his job properly, he would not have found the proper justification for the no-knock provision.

There is no evidence to support this claim. There is no evidence of Judge Martin's internal mental process or regular practice in issuing warrants, no evidence of bias, or a pattern of passively or automatically issuing warrants upon request. From Officer Berlie's perspective, Judge Martin appeared to read the warrant and application for a period of time, physically handling each page and perusing it before turning to the next. Investigator Berlie offered no information in support of the warrant beyond what was written, and Judge Martin asked no questions. He presumably read it, including the officer's request for a no-knock warrant as checked on the application. Judge Martin signed the warrant and handed it to Investigator Berlie for execution.

At the December 9, 2015 hearing, defense counsel argued, "I don't think anybody knows whether the judge did his job in this case, because we don't know specifically what the judge actually did." ([Filing No. 34 at CM/ECF p. 65](Filing No. 34 at CM/ECF p. 65)). Had this been the only argument raised in the defendant's motion, no hearing would have been scheduled. "Where a defendant offers only conclusory allegations in support of a motion to suppress, and where those allegations are unsupported by any citation to the record, a district court does not abuse its discretion by refusing to hold an evidentiary hearing." [United States v. Stevenson, 727 F.3d 826, 831 (8th Cir. 2013)](United States v. Stevenson, 727 F.3d 826, 831 (8th Cir. 2013)).

> To raise a constitutional claim in a motion to suppress evidence, a defendant must state that a violation occurred and allege facts that, if true, would support a finding that the evidence in question was obtained in violation of the defendant's constitutional rights. Brink, 39 F.3d at 424 (remanding for a hearing because Brink alleged facts that, if true, "could violate a defendant's rights under the Sixth Amendment"). To satisfy this standard, a defendant's motion must identify a constitutional violation at the

outset and connect it to the evidence in question; bare assertions that an as-yet unidentified violation may have occurred, without more, will not suffice.

United States v. Hines, 628 F.3d 101, 105-06 (3d Cir. 2010).

The importance of this rule is accentuated when a defendant is challenging a warrant by claiming a judge was only pretending to do his or her job. The court does not schedule and convene evidentiary hearings to probe into a judge's mental processes and actions when reviewing a warrant application and signing the requested warrant absent some threshold showing that the judge abandoned the role of a judicial officer. See United States v. Hallam, 407 F.3d 942 (8th Cir. 2005) (refusing to hold the judge wholly abandoned his judicial role with a limited record of judge's internal mental process).

Rios further argues Investigator Berlie could not have reasonably relied on the warrant because "he has the education, the training and experience to know that the grounds set forth in [the] affidavit did not support a no-knock warrant." He suggests that Berlie's reliance on the warrant was unreasonable; thus, the good-faith exception cannot apply.

Many of Rios' arguments refer back to the four corners of the warrant application and whether the information therein was sufficient to justify the warrant's no-knock provision. For the reasons noted above, this court finds the circumstances were sufficient to permit a no-knock entry. Under the facts presented in the warrant application, the drugs were stored in the bathroom, where they could easily be flushed if the owner had notice that officers were entering; and the defendant possessed firearms, which are often used by drug dealers for personal protection and to secure the drug inventory when others threaten to take it.

The warrant was not so facially deficient that Investigator Berlie or other executing officers could not reasonably believe the warrant to be valid. The officers' reliance on the warrant signed by Judge Martin was reasonable and the Leon good-faith exception applies.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to suppress filed by the defendant (Filing No. 23) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that the jury trial of this case is set to commence before John M. Gerrard, United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on January 25, 2016, or as soon thereafter as the case may be called, for a duration of three (3) trial days. Jury selection will be held at the commencement of trial.

December 22, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.